IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| ROBERT LANCE WALKER, | Case No. 3:25-cv-01214-SB |
| Petitioner, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| SALMONSON, Interim Warden, FCI Sheridan, | |
| Respondent. | |

**BECKERMAN, U.S. Magistrate Judge.**

Petitioner Robert Lance Walker ("Walker"), an individual in custody at FCI Sheridan ("Sheridan"), filed this habeas corpus proceeding pursuant to 28 U.S.C. § 2241 ("Section 2241"). Upon review, the Court finds that Walker fails to state a claim upon which relief may be granted and therefore recommends that the district judge summarily dismiss the Petition for Writ of Habeas Corpus (ECF No. 1).

///

///

///

PAGE 1 – FINDINGS AND RECOMMENDATION

## BACKGROUND

On July 20, 2016, the Arkansas State Police arrested Walker in Lepanto, Arkansas. (Pet. at 3, 14, ECF No. 1.) Walker subsequently was charged with one count of Aggravated Residential Burglary and held in pretrial custody at the Poinsett County Detention Center ("PCDC"). (*Id.*)

On February 23, 2017, Walker posted bail and was released. (*Id.*) For reasons that are unclear from the petition, the Poinsett County Circuit Court revoked Walker's bail on September 21, 2018. (*Id.* at 3, 16.) Walker thereafter remained in custody at PCDC until March 26, 2019, and the aggravated burglary charge was ultimately dismissed. (*Id.*)

On December 7, 2022, a federal jury found Walker guilty of three counts of Possession with Intent to Distribute Cocaine and one count each of Felon in Possession of a Firearm and Felon in Possession of Ammunition. (*See United States v. Walker*, No. 3:21-cr-00024-JM-1 (E.D. Ark.) ("*Walker I*"), ECF No. 79.) On March 14, 2023, the court imposed an eighty-month term of imprisonment to be served in the custody of the Bureau of Prisons ("BOP").[1] (Pet. at 1.)

On July 14, 2025, Walker filed the instant petition, alleging that pursuant to 18 U.S.C. § 3585(b), the time he spent in "official custody" for the 2016 burglary charge should apply to offset his present federal sentence. (Pet. at 3-4.) Walker seeks a court order requiring the BOP to "credit . . . 16 months time to [his] federal sentence[.]" (*Id.* at 4.)

///

---

[1] Walker's scheduled release date is February 3, 2027. *See* Find an Inmate, FEDERAL BUREAU OF PRISONS, https://www.bop.gov/mobile/find_inmate/index.jsp; *see also Callister v. Owen*, No. 1:16-cv-00474-CWD, 2017 WL 1499224, at *2 (D. Idaho Apr. 25, 2017) (explaining that courts may take judicial notice of "[p]ublic records and government documents available from reliable sources on the Internet, such as websites run by governmental agencies" (quoting *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1381 (C.D. Cal. 2014))).

PAGE 2 – FINDINGS AND RECOMMENDATION

**LEGAL STANDARDS**

The district court must undertake a preliminary review and dismiss a petition for writ of habeas corpus "[i]f it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court[.]" Rule 4, Rules Governing Section 2254 Cases ("Rules"), 28 U.S.C. foll. § 2254; *see also* Rule 1(b) (instructing that district courts may apply the Rules to habeas petitions brought pursuant to Section 2241). "Rule 4 . . . explicitly allows a district court to dismiss summarily the petition on the merits when no claim for relief is stated." *O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (simplified).

**DISCUSSION**

The Court recommends that the district judge dismiss Walker's habeas petition because the time Walker spent in custody in connection with the 2016 burglary charge cannot be credited to his present federal sentence.

The United States Attorney General, through the BOP, is responsible for computing a defendant's federal sentence. *See United States v. Wilson*, 503 U.S. 329, 335 (1992) (explaining that "[a]fter a district court sentences a federal offender, the Attorney General, through the BOP, has responsibility for administering the sentence"); *Zavala v. Ives*, 785 F.3d 367, 374 (9th Cir. 2015) (noting that "Congress delegated responsibility for the initial computation of sentences to the Attorney General, who has in turn delegated that authority to BOP") (simplified). As part of that calculation, the BOP must determine whether any presentence credit should be awarded. *See Wilson*, 503 U.S. at 334 (holding that the sentencing court cannot calculate and apply presentence custody credit because "computation of the credit must occur after the defendant begins his sentence"). The BOP must credit "any time [the defendant] has spent in official detention prior to the date the [federal] sentence commences . . . (1) as a result of the offense for

PAGE 3 – FINDINGS AND RECOMMENDATION

which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested *after* the commission of the offense for which the sentence was imposed[.]" 18 U.S.C. § 3585(b) (emphasis added).

Here, Walker asserts that he is entitled to presentence credit for the time he spent in "official custody" in connection with the 2016 burglary charge. (Pet. at 4.) However, Walker acknowledges in the petition that the 2016 burglary charge is unrelated to his federal charges. In addition, attachments to the petition reflect that Walker was released from custody in connection with the 2016 burglary charge in March 2019 (Pet. at 16), but he did not commit any of the sentenced offenses until October 2019. (*See Walker I*, ECF No. 79.) Because Walker's pretrial detention for the 2016 burglary charge predated the crimes underlying his federal sentence, he is not entitled to presentence custody credit. *See* 18 U.S.C. § 3585(b)(2) (requiring the BOP to credit a defendant's presentence custody time only if such time resulted from a charge for which the defendant was arrested *after* he already had committed the sentenced offense). Accordingly, Walker is not entitled to habeas relief.

///
///
///
///
///
///
///
///
///

PAGE 4 – FINDINGS AND RECOMMENDATION

## CONCLUSION

For the reasons stated, the Court recommends that the district judge DISMISS the Petition for Writ of Habeas Corpus (ECF No. 1) for failure to state a claim upon which relief may be granted.

## SCHEDULING ORDER

The Court will refer its Findings and Recommendation to a district judge. Objections, if any, are due within fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, the Findings and Recommendation will go under advisement on that date. If objections are filed, a response is due within fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

DATED this 25th day of August, 2025.

*Stacie F. Beckerman*
_____
HON. STACIE F. BECKERMAN
United States Magistrate Judge